# IN THE COURT OF APPEALS OF IOWA

No. 19-1028
Filed April 15, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JUSTIN M. WOODS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

A defendant appeals his conviction of a controlled-substance violation.
**AFFIRMED.**

Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Justin Woods appeals his conviction, following a guilty plea, of manufacturing, delivering, or possessing methamphetamine with the intent to manufacture or deliver.[1] He argues his counsel rendered ineffective assistance in failing to move for suppression of evidence obtained as an allegedly unconstitutional seizure.

Because Woods pled guilty, we are without the benefit of a suppression or trial record. His argument is based wholly on the minutes of evidence. As a result of record inadequacies, ineffective-assistance claims are normally preserved for postconviction-relief proceedings. *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019). Doing so "allows the parties to develop an adequate record of the claims and provides the attorney charged with ineffective assistance with the 'opportunity to respond to defendant's claims.'" *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018) (quoting *State v. Soboroff*, 798 N.W.2d 1, 8 (Iowa 2011)). When an issue is not raised in the district court and a record developed thereon, it leaves appellate courts with a skeletal record, which is what we have here. We agree with the State that the minutes of evidence "are a poor substitute for a fully-fleshed out suppression record," and we find the record inadequate to determine whether counsel failed to perform an essential duty or prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020). As such, we affirm Woods's conviction but preserve his ineffective-

---

[1] Woods also pled guilty to one count of domestic abuse assault causing bodily injury in a separate misdemeanor case.

assistance claim for a possible postconviction-relief proceeding. *See* Iowa Code

§ 814.7(3) (2018).[2]

**AFFIRMED.**

---

[2] Effective July 1, 2019, section 814.7 was amended to prohibit claims of ineffective assistance of counsel to be raised or decided on direct appeal. 2019 Iowa Acts ch. 140, § 31. Because judgment and sentence were entered prior to the statutory amendment's effective date, it does not apply to Woods's direct appeal. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).